Smith, J.
The facts in this case, as clearly shown by the bill of exceptions, which contains all of the evidence heard in the court of common pleas, are these : Cohen & Co., under a contract with Smith & Nixon, dealers in pianos, had done printing for them to the amount of $633.40, -$133.40 of which was to be paid in cash, (and it was paid), and the residue, $500.00, in pianos, when demanded by Cohen & Co. Two pianos of the value of $250.00 each, were selected by Cohen & Co., and one of them was delivered — by arrangement the other was to remain at the storeroom of Smith & Nixon until Cohen & Co. were ready to receive it. Afterwards, however, they notified Smith & Nixon that they did not desire to take this piano, but would thereafter select another, and this was agreed to.
Some time before the 23rd of November, 1888, probably several months before, a Mr. Lowenthal of this city, at the solicitation of Mr. Leiser, a member of the firm of Cohen & Co., had recommended a Mrs. Asher to buy a piano from Smith & Nixon, and Leiser told her that if she did, they would see to having it paid for. She went to the store of Smith & Nixon and looked at pianos, but did not purchase one, as Lowenthal sold his piano to her, and on the 23rd of *47 November, 1888, he went to Smith & Nixon’s and purchased one for himself at the price of $275.00, which was to be paid for in cash. There was no evidence that before he did so, any contract was made between him and Cohen & Co., that the piano, if bought by him, was to be on account of Cohen & Co., or that they were to pay for it, or that their claim against Smith & Nixon was to be assigned to Lowenthal. Leister does testify that about a week after Lowenthal had purchased the piano, he inquired of him if he had purchased it from Smith & Nixon, and then said that he “ would give him an order in accordance with the previous agreement with Mr. Lowenthal and with the Smith & Nixon Co.” But there was in fact no evidence of any such agreement with either, and certainly there was none with Smith & Nixon of like import— they having sold diretly to Lowenthal for cash, without any mention of Cohen & Co., or any intimation that they had anything to do with it.
About a week after this purchase (on December 1st or 3rd) Smith & Nixon wrote to Lowenthal for payment, and then it was that Cohen gave to Lowenthal an order as follows:
Cincinnati, December lsi, 1888.
Messrs. Smith & Nixon, City.
Gents: Please deliver one piano to Mr. Samuel Lowenthal, and charge to our account.
Cohen & Co.
After this order was given, Leiser and Lowenthal were together on this business at the store of Smith & Nixon, Lowenthal having gone there in response to the demand of Smith & Nixon for payment of their claim upon him, and Lowenthal presented the order and wanted a credit therefor for $250.00 on the claim against him, offering to pay the $25.00 additional in cash. This was refused by Smith & Nixon, who then offered to deliver to him any piano he might select o’f the value of $250.00, or to let him have any other piano in the store of higher price, and to receive the order as a payment of $250.00 *48 .thereon. This was refused by Lowenthal, and the same offer was made to Leiser, and refused by him. Thereupon this ac-.tion was brought by Cohen & Co. to recover the sum of $250.00 in money, with interest thereon from October, 1888. The answer of the defendant in substance set up the foregoing facts as a defense, and one of the questions is whether the .plaintiffs on these facts were entitled to recover.
We are of the opinion that they were not. The sale of the piano to Lowenthal was for cash, and was a money demand in favor of Smith & Nixon against him for the $275.00. The order was not given, or the claim of Cohen & Co. not assigned to Lowenthal until a week thereafter, and the paper given was nothing more than a simple request from Cohen & Co. to Smith & Nixon to deliver a piano to Lowenthal and charge to ■their account. It did not even specify the value of the instrument to be delivered, or state that it was to be delivered on the contract between them. It is questionable whether Smith & Nixon were bound to accept an order so indefinite in character. But however this may be, they made no objection to it on this ground, but literally, and liberally, offered to do, not only what they had agreed to do, but to allow him to take one at a higher price, and credit him with $250.00 thereon. And Cohen & Co., or'Lowenthal, never having demanded of ■Smith & Nixon the fulfillment of their obligation, and Smith & Nixon never having refused to comply with it, there was no such breach of the contract as converted the claim of Cohen & Co. into a money demand, and they are not entitled to recover in this action.
But if it be conceded that this order was in effect a transfer to Lowenthal of the claim of Cohen & Co. against Smith & Nixon for a piano of the value of $250.00, and was made in pursuance of an arrangement to transfer it, made before the purchase of the piano by Lowenthal, still we are of the opinion that when it was presented to Smith & Nixon, it only entitled .him to then receive a piano of that value, and not to turn it in, in part payment of the piano previously bought by him, *49 when that was a cash purchase, and made without any agreement with Smith & Nixon that it should be done. In such case the assignee might stand in the place of the assignor, but as the contract between the original parties was, that Cohen was to be entitled to payment of their claim in a certain way, viz., by the delivery of a piano, until they failed, after a proper demand, to comply with their contract, there would be no money liability on their part. To allow an obligation payable in pianos, to be converted into a money demand, in the manner attempted in this case, where there had been a liberal offer to perform their contract, would be wholly unwarranted by any principle of law with which we are familiar, and in our' judgment would be contrary to the plainest principles of justice and right.
D. D. Woodmansee, for plaintiff in error.
Wilby & Wald, for defendant in error.
The trial judge in the court of common pleas, having taken a different view of this case, and having refused to bear evidence on these points which we think was competent, and having charged the jury in accordance with the view taken by him, and having refused to grant the motion of defendants below to set aside the verdict rendered against them, based on the gi’ound that it was against the evidence in the case, for these reasons the judgment will be reversed, with costs, and remanded for a new trial.